**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **CHARLES KEENAN,** ) | **CASE NO.  5:02CV1923** |
| ) | |
| **PETITIONER,** ) | |
| ) | |
| **v.** ) | **JUDGE PETER C. ECONOMUS** |
| ) | |
| **DAVID BOBBY, WARDEN,** ) | |
| ) | |
| **RESPONDENT.** ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |

On September 27, 2002, Charles Keenan, ("Petitioner"), filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his criminal conviction.  This case was referred to Magistrate Judge James S. Gallas for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and LR 72.1.  On September 19, 2005, Magistrate Judge Gallas filed a report recommending that Petitioner's application for habeas corpus be denied (Dkt. #21).  On October 3, 2005, Petitioner filed objections to this recommendation (Dkt. #22).

Petitioner raises four grounds for relief:

Ground One: Petitioner was denied his constitutional rights under the Fifth, Sixth and Fourteenth Amendments when the trial court excluded evidence that the victims had been sexually abused by another person.

Ground Two: Petitioner was denied his constitutional rights to confrontation, a fundamentally fair trial, and due process of law under the Sixth and Fourteenth Amendments when the trial court allowed the state's expert witness to testify to hearsay when it allowed the state's expert witnesses to testify to the veracity and credibility of the victims and when it allowed the state's expert witness to give her

expert opinion as to whether or not the victims had been sexually abused.

Ground Three: Petitioner was denied his constitutional rights under the Sixth and Fourteenth Amendment to effective assistance of counsel.

Ground Four: A state court of appeals violates an appellant's due process rights when it denies portions of the appeal based on procedural technicalities.

(Dkt. #1).  The Court has reviewed the report and recommendation of the Magistrate Judge, *de novo*.  Although this Court agrees with the result reached by the Magistrate Judge, the Court finds the report's analysis of the first ground requires clarification.[1]

Petitioner objects to the Magistrate's finding that the "trial court's exclusion of the evidence on the alternate basis of relevancy was not an erroneous ruling." (Dkt. #21 at 11). Petitioner argues that "[t]he jury was entitled to know . . . that they be made aware that the father [John Keenan] had been recently sentenced to prison for molesting J.K., and that both J.K. and M.K. had revealed to Dr. Khol that their father had molested them." (Dkt. #22 at 9).

Though a "defendant should be permitted to introduce evidence of fabrication or potential confusion," the record does not show any indication that J.K. or M.K. fabricated the incidents of abuse or were confused as to who it was assaulting them. (Dkt. #21 at 10-12).  On the contrary, the children revealed and the trial court was aware of the differences in the methods of sexual assault used by Petitioner as compared with those used by John

---

[1] The Court agrees with both the conclusion and the analysis of the Magistrate Judge as to Grounds Two, Three, and Four.

Keenan.  As the Magistrate's Report explains,  "the acts described by the victims occurred in different locales, involved different types of conduct, and there was a significant difference in the victimization pattern." (Dkt. #21 at 11).  The trial court's exclusion of the sexual assaults committed by John Keenan in Petitioner's trial did not rise to the level of a violation of a constitutional magnitude.[2]

Therefore, the Court finds that the report and recommendation (Dkt. #21) is correct in its conclusions and that Petitioner's objections are without merit.  Therefore, Magistrate Judge Gallas' report and recommendation is hereby **ADOPTED** and Petitioner's objections are overruled.

Accordingly, Petitioner's Writ of Habeas Corpus is **DENIED.**  Furthermore, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. §2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

**/s/ Peter C. Economus - February 14, 2006**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**

---

[2] Though Petitioner asserts in his objections to the Magistrate's report that "Magistrate Gallas erred in finding that M.K. did not allege that John Keenan abused him." (Dkt. #22 at 7); it is clear that Magistrate Gallas considered Dr. Khol's testimony concerning M.K.'s allegations of abuse against John Keenan. See Dkt. #21 at 2-3; "At the Ohio Evid. R. 807 hearing psychologist Dr. Charel Khol described incidents of sexual abuse by both Charles Keenan and John Keenan as told to her by both boys" and "incidents of sexual abuse that both boys told her concerning molestation by both Charles Keenan and John Keenan."